# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DERRYL WADE SHELTON,

        Defendant-Appellant.

UNPUBLISHED
November 27, 2018

No. 337796
Washtenaw Circuit Court
LC No. 15-000590-FC

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

GLEICHER, J. (*concurring*).

I concur with the result reached by the majority, albeit reluctantly. In my view, the prosecution's prolonged cross-examination centering on defendant Derryl Shelton's failure to proactively proclaim his innocence should have been prohibited on relevance and policy grounds.

Shelton, a retired Detroit police officer, elected not to speak to the police after the complainant, PW, accused him of sexual assault. The prosecutor extensively interrogated Shelton about his failure to contact the police after PW made her allegations. Shelton explained that he had refrained from contacting the investigating officer on the advice of counsel. For the same reason, he declined the officer's invitation for an interview.

It makes perfect sense that a police department veteran would be aware of his Fifth Amendment right to remain silent, and would understand that trying to convince an investigating officer of his innocence was a fool's errand. Given PW's age, the specificity of her allegations, and that the investigation continued after her forensic interview, it was unlikely that Shelton's protestations of innocence would have derailed his prosecution. Lawyers representing clients in Shelton's situation almost always advise silence, and for good reasons. The risks that a client's words might be misunderstood or misquoted far outweigh the minimal chance that an interviewing officer would declare an accused actually innocent and close the file.

In *Doyle v Ohio*, 426 US 610, 617; 96 S Ct 2240; 49 L Ed 2d 91 (1976), the United States Supreme Court acknowledged that "every post-arrest silence is insolubly ambiguous[.]" In my view, the same is true for prearrest silence. There are many good reasons for silence other than guilt. The Alabama Supreme Court identified several in *Ex Parte Marek*, 556 So2d 375, 381 (Ala, 1989): "Confronted with an accusation of a crime, the accused might well remain silent because he is angry, or frightened, or because he thinks he has the right to remain silent that the

-1-

mass media have so well publicized." The Massachusetts Supreme Court aptly summarized: "[A]n individual's failure to speak may be the result of his awareness that he has no obligation to speak, his caution arising from knowledge that anything he says may be used against him and his belief that efforts to exonerate himself would be futile." *Commonwealth v Nickerson*, 386 Mass 54, 61 n 6; 434 NE2d 992 (2015).

In *Nickerson*, the Massachusetts Supreme Court set forth an evidentiary principle applicable to cross-examination focused on a defendant's pre-arrest silence. The Supreme Court held that "[i]n general, impeachment of a defendant with the fact of his pre-arrest silence should be approached with caution, and, wherever it is undertaken, it should be prefaced by a proper demonstration that it was 'natural' to expect the defendant to speak in the circumstances." *Id*. at 61. It would not be "natural," the Court explained, for a defendant to come forward and produce incriminating evidence against himself. *Id*. Nor does a defendant have a duty to report a crime, or "to offer exculpatory information to the authorities." *Id*. at 60. Therefore, allowing cross-examination focusing on prearrest silence "says little about the truth of . . . trial testimony." *Id*. If a Massachusetts trial judge allows impeachment with prearrest silence, "the judge should, on request, instruct the jury to consider that silence for the purposes of impeachment only if they find that the witness naturally should have spoken up in the circumstances." *Id*. at 62.

The Michigan Supreme Court approved *Nickerson*'s evidentiary "approach" in *People v Collier*, 426 Mich 23, 34; 393 NW2d 346 (1986), and subsequently reasserted that "[t]he issue of prearrest silence is one of relevance." *People v Hackett*, 460 Mich 202, 214; 596 NW2d 107 (1999). See also *People v Cetlinski (After Remand)*, 435 Mich 742, 760; 460 NW2d 534 (1990) ("[A] failure to come forward[] is relevant and probative for impeachment purposes when the court determines that it would have been 'natural' for the person to have come forward with the exculpatory information under the circumstances.").

It is possible that Shelton's trial counsel objected to the cross-examination on relevancy rather than constitutional grounds; as the majority opinion explains, counsel failed to preserve the basis for the objection in the record. Appellate counsel did not raise an argument regarding the relevancy of cross-examination regarding Shelton's failure to contact the police, perhaps based on knowledge that trial counsel had not objected on this ground. In my view, had it been made, a relevancy objection should have been sustained. For the reasons I have stated, it would not have been "natural" for Shelton to have contacted the police to advocate his innocence, and he had no duty to do so. Rather, it would have been natural for Shelton to believe he had a right to remain silent and that his silence could not be used against him at a trial. Even an experienced police officer is unlikely to appreciate the difference between the substantive use of silence and its availability as impeachment fodder.

Had the issue been preserved and presented, I would hold that Shelton's silence was not probative of anything, including his credibility, and should have been off-limits during the trial. Shelton's failure to contact the police with his denials did not make it more likely that he was lying at trial. He was under no obligation to contact the investigating authorities, and would have gained nothing by doing so. Furthermore, his silence carried a substantial potential for prejudice as the jurors likely did not understand the difference between impeachment and substantive evidence, either. It is far more "natural" for a lay person to reason that "if he was innocent he would have contacted the police" than to understand that such an assumption is

forbidden, and that the pages of cross-examination devoted to Shelton's silence could actually be used only to determine whether he was telling the truth. The distinction is simply too fine for non-lawyers to parse.

And a final point. Because an accused's invocation of his right to silence is "insolubly ambiguous," it should not be the subject of cross-examination unless the court finds that the defendant had a duty to speak under the circumstances, or some other reason strongly supports that it would have been truly "natural" for the accused to voluntarily speak to the police. Such circumstances are exceedingly rare. Absent a duty or some good reason for speaking to the police, use of silence as impeachment is fraught with the potential for jury confusion and prejudice, and should be prohibited.

/s/ Elizabeth L. Gleicher